**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

QUAD/GRAPHICS, INC.,                                       Civil Action No.: 1:24-CV-00021-JMF

        Plaintiff,

     v.                                                                           ~~PROPOSED~~ **PROTECTIVE ORDER**

TAG WORLDWIDE (USA) INC.,

        Defendant.

---

Pursuant to Fed. R. Civ. P. 26(c) and based on the Stipulation of the parties, the Court finds

that the exchange of sensitive information between or among the parties and/or third parties other

than in accordance with this Order may cause unnecessary damage and injury to the parties or to

others. The Court further finds that the terms of this Order are fair and just and that good cause has

been shown for entry of a protective order governing the confidentiality of documents produced

in discovery, answers to interrogatories, answers to requests for admission, and deposition

testimony.

Accordingly,

**IT IS ORDERED THAT:**

**(A)    APPLICATION.** This Order shall apply to all information, documents, or things

subject to discovery in this action which are conveyed by any party or third-party witness in this

action, including, without limitation, all portions of transcripts of deposition testimony, exhibits,

answers to interrogatories or requests for admission, documents, or things, including any excerpt,

index, description, copy, summary, or abstract thereof.

**(B)    DESIGNATION OF CONFIDENTIAL OR ATTORNEYS' EYES ONLY**

**INFORMATION.** Designation of information under this Order must be made by placing or

affixing on the document or material, in a manner that will not interfere with its legibility, the words "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

(1)    One who produces information, documents, or other material may designate them as "CONFIDENTIAL" when the person in good faith believes they contain nonpublic confidential technical, commercial, financial, personal, or business information.

(2)    One who produces information, documents, or other material may designate them as "ATTORNEYS' EYES ONLY" when the person in good faith believes that they contain particularly sensitive nonpublic confidential technical, commercial, financial, personal, or business information that requires protection beyond that afforded by a CONFIDENTIAL designation.

(3)    The designation of confidential information as CONFIDENTIAL or ATTORNEYS' EYES ONLY must be made prior to, or contemporaneously with, their production or disclosure. However, in the event that a document is produced, disclosed, or used for the first time at a deposition or hearing, the party producing, disclosing, or using the document may designate the document as CONFIDENTIAL or ATTORNEYS' EYES ONLY either: (a) on the record at the deposition or hearing; or (b) in writing within ten calendar days following the date on which the transcript of the deposition or hearing becomes available. Upon opposing counsel's request, counsel shall cooperate in allowing a longer or shorter period for such designation as the needs of the case require.

(4)    Portions of depositions of a party's or third party's present and former officers, directors, employees, agents, experts, and representatives will be deemed confidential only if designated as such when the deposition is taken or within 30 days of receipt of the deposition transcript.

3

(5)     If a party inadvertently produces information, documents, or other material containing CONFIDENTIAL or ATTORNEYS' EYES ONLY information without marking or labeling it as such, the information, documents, or other material shall not lose its protected status through such production and the parties shall take all steps reasonably required to assure its continued confidentiality if the producing party provides written notice to the receiving party within ten days of the discovery of the inadvertent production, identifying the information, document, or other material in question and of the corrected confidential designation.

**(C)     DISCLOSURE AND USE OF CONFIDENTIAL INFORMATION.** Information, documents, or other material designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY under this Order must not be used or disclosed by the parties or counsel for the parties or any persons identified in subparagraphs (C)(1) and (2) below for any purposes whatsoever other than preparing for and conducting the litigation in which the information, documents, or other material were disclosed (including appeals).

(1)     CONFIDENTIAL INFORMATION. The parties and counsel for the parties must not disclose or permit the disclosure of any information, documents, or other material designated as "CONFIDENTIAL" by any other party or third party under this Order, except that disclosures may be made in the following circumstances:

(a)     Disclosure may be made to employees of counsel for the parties who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the parties makes a disclosure must be advised of, and become subject to, the provisions of this Order requiring that the information, documents, or other material be held in confidence.

4

(b)    Disclosure may be made only to employees of a party required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed who are identified as such in writing to counsel for the other parties in advance of the disclosure of the confidential information, documents, or other material.  Before disclosure to any such employee, such employee must agree to be bound by the terms of this Order.

(c)    Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making copies of documents or other material. Before disclosure to any such court reporter or person engaged in making copies, such reporter or person must agree to be bound by the terms of this Order.

(d)    Disclosure may be made to consultants, investigators, or experts (collectively "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Before disclosure to any expert, the expert must be informed of and agree to be subject to the provisions of this Order requiring that the information, documents, or other material be held in confidence.

(e)    Disclosure may be made to deposition and trial witnesses in connection with their testimony in the lawsuit and to the Court and the Court's staff.

(f)    Disclosure may be made to persons already in lawful and legitimate possession of such CONFIDENTIAL information.

(2)    ATTORNEYS' EYES ONLY INFORMATION. The parties and counsel for the parties must not disclose or permit the disclosure of any information, documents, or other material designated as "ATTORNEYS' EYES ONLY" by any other party or third

party under this Order to any other person or entity, except that disclosures may be made in the following circumstances:

      (a)    Disclosure may be made to counsel and employees of counsel for the parties who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the parties makes a disclosure must be advised of, and become subject to, the provisions of this Order requiring that the information, documents, or other material be held in confidence.

      (b)    Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making copies of documents or other material. Before disclosure to any such court reporter or person engaged in making copies, such reporter or person must agree to be bound by the terms of this Order.

      (c)    Disclosure may be made to consultants, investigators, or experts (collectively "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Before disclosure to any expert, the expert must be informed of and agree to be subject to the provisions of this Order requiring that the information, documents, or other material be held in confidence.

      (d)    Disclosure may be made to deposition and trial witnesses in connection with their testimony in the lawsuit and to the Court and the Court's staff.

      (e)    Disclosure may be made to persons already in lawful and legitimate possession of such ATTORNEYS' EYES ONLY information.

**(D)**    **MAINTENANCE OF CONFIDENTIALITY.** Except as provided in subparagraph (C), counsel for the parties must keep all information, documents, or other material

6

31868425.7

designated as confidential that are received under this Order secure within their exclusive possession and must place such information, documents, or other material in a secure area.

(1)    All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of information, documents, or other material designated as confidential under this Order, or any portion thereof, must be immediately affixed with the words "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" if not already containing that designation.

(2)    To the extent that any answers to interrogatories, transcripts of depositions, responses to requests for admissions, or any other papers filed or to be filed with the Court reveal or tend to reveal information claimed to be confidential, these papers or any portion thereof must be filed under seal by the filing party utilizing the procedures set forth in Rule 7 of the Court's Individual Rules and Practices in Civil Cases. If a Court filing contains information, documents, or other materials that were designated CONFIDENTIAL or ATTORNEYS' EYES ONLY by a third party, the party making the filing shall provide notice of the filing to the third party.

**(E)    CHALLENGES TO CONFIDENTIALITY DESIGNATION.** A party wishing to challenge the designation of any document shall not be obligated to do so at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge. If any party disagrees at any stage of these proceedings with a document's designation, the parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved informally in accordance with Local Civil Rule 37.2, the objecting party may challenge the designation by motion. The designating party bears the burden of proving that the information,

31868425.7

documents, or other material at issue are properly designated as confidential. The Court may award the party prevailing on any such motion actual attorney fees and costs attributable to the motion.

(F)    **CONCLUSION OF LITIGATION.** At the conclusion of the litigation, a party may request that all information, documents, or other material not filed with the Court or received into evidence and designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY under this Order must be returned to the producing party or, if the parties so stipulate, destroyed, unless otherwise provided by law. Notwithstanding the requirements of this paragraph, a party may retain a complete set of all documents filed with the Court, subject to all other restrictions of this Order. The final determination or settlement of this action shall not relieve any person who has received CONFIDENTIAL or ATTORNEYS' EYES ONLY information from the obligations imposed by this Order.

(G)    **"CLAWBACK" PROCEDURES.** A producing party may seek return of any inadvertently produced privileged or nonresponsive information. Inadvertent production or disclosure of documents or information subject to the attorney-client privilege, work-product privilege, or any other applicable privilege, protection, or immunity shall not constitute a waiver of, nor a prejudice to, any claim that the document or information, or related material is privileged, provided that the party inadvertently producing such document or information notifies the receiving party in writing promptly after discovery of the inadvertent production. Unless the receiving party challenges the propriety of the asserted privilege, it shall return the inadvertently produced documents or information within ten calendar days after the initial receipt of written (including facsimile or other electronic) notice and shall destroy all known copies thereof that are within its possession, custody, or control. If the receiving party is unable to return such inadvertently produced documents or information and destroy all copies thereof within ten

calendar days, then it shall notify the producing party in writing, by explaining specifically why returning the documents or information and destroying all copies within ten calendar days is not feasible, and providing a date by which all copies of such documents or information in the receiving party's possession, custody, or control will be destroyed. If the receiving party disputes the propriety of the asserted privilege with respect to any documents or information, then it shall do so in writing to the producing party within ten calendar days after receipt of the written notice of inadvertent production. If the parties cannot resolve their differences in good faith, then the receiving party has 21 calendar days from the original receipt of notice of inadvertent production to file a motion disputing the assertion of privilege. If the receiving party fails to file a motion with the Court within 21 calendar days, then the receiving party shall return the disputed documents or information to the producing party and shall destroy all known copies thereof that are within the possession, custody, and control of the receiving party. No use shall be made of any document that a producing party has asserted to be privileged other than to challenge or defend the propriety of the asserted privilege, unless otherwise authorized by the Court.

Dated: November 6 , 2024

New York, New York

SO ORDERED:

_____

The Honorable Jesse M. Furman
United States District Court Judge

This stipulation binds the parties to treat as confidential the documents so classified.  This Court, however, has not reviewed the documents referenced herein; therefore, by so ordering this stipulation, the Court makes no finding as to whether the documents are confidential.  That finding will be made, if ever, upon a document-by-document review pursuant to the procedures set forth in the Court's Individual Rules and Practices and subject to the presumption in favor of public access to "judicial documents."  *See generally Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).  To that end, the Court does not "so order" any provision to the extent that it purports to authorize the parties to file documents under seal without a prior court order.  *See New York ex rel. Khurana v. Spherion Corp.*, No. 15-CV-6605 (JMF), 2019 WL 3294170 (S.D.N.Y. July 19, 2019).