```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
                                                                     :
QUAD/GRAPHICS, INC.,                                                 :
                                                                     :
                                Plaintiff,                           :
                                                                     :      24-CV-21 (JMF)
                -v-                                                  :
                                                                     :   MEMORANDUM OPINION
TAG WORLDWIDE (USA) INC.,                                            :        AND ORDER
                                                                     :
                                Defendant.                           :
                                                                     :
---------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

      Fact discovery in this case is now closed. *See* ECF No. 50. Shortly before the close of fact discovery, however, Defendant Tag Worldwide (USA) Inc. ("Tag") filed a motion for leave to file an amended answer to add a new affirmative defense and counterclaims. *See* ECF No. 39. Under Rule 15 of the Federal Rules of Civil Procedure, a court "should freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). But, "[w]here, as here, a scheduling order governs amendments to the [pleading], the lenient standard under Rule 15(a) . . . must be balanced against the requirement under Rule 16(b) that the Court's scheduling order shall not be modified except upon a showing of good cause." *Holmes v. Grubman*, 568 F.3d 329, 334-35 (2d Cir. 2009) (internal quotation marks and citation omitted); *see* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). "Whether good cause exists turns on the diligence of the moving party." *Holmes*, 568 F.3d at 335 (internal quotation marks omitted). Specifically, the moving party "must demonstrate that it has been diligent in its efforts to meet the Court's deadlines" and that, "despite its having exercised diligence, the applicable deadline could not have been reasonably met." *Sokol Holdings, Inc. v. BMB Munai, Inc.*, No. 05-CV-3749 (KMW) (DF), 2009 WL 2524611, at *7

(S.D.N.Y. Aug. 14, 2009), *aff'd*, 2009 WL 3467756 (S.D.N.Y. Oct. 28, 2009). "A party fails to show good cause when the proposed amendment rests on information that the party knew, or should have known, in advance of the deadline." *Perfect Pearl Co., Inc. v. Majestic Pearl & Stone, Inc.*, 889 F. Supp. 2d 453, 457 (S.D.N.Y. 2012) (internal quotation marks omitted); *see also Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340-41 (2d Cir. 2000) (affirming denial of a motion to amend because the plaintiff had the relevant information when filing an earlier complaint); *McBeth v. Porges*, No. 15-CV-2742 (JMF), 2018 WL 5997918, at *2 (S.D.N.Y. Nov. 15, 2018) (denying leave to amend because the plaintiff failed to "provide a good reason for his failure to discover" the relevant information "earlier in the litigation").

Applying these standards here, the Court denies Tag leave to file an amended answer, substantially for the reasons set forth in Plaintiff Quad/Graphics, Inc.'s opposition and surreply. *See* ECF Nos. 48, 57. Put simply, Tag knew — or should have known — of the information that forms the basis of its proposed amendments long ago. Indeed, many of the proposed amendments are based on the parties' agreement and, as pre-litigation correspondence makes plain, were known to Tag even before the case was filed. *See* ECF No. 48, at 2-3. Moreover, even if it were true that Tag could not have amended until it received discovery, the fact is that it received that discovery on June 9, 2024. *See id.* at 4. Thus, it waited nearly five months, until less than a week before the close of discovery and all but one deposition had been conducted, to seek leave to amend. Tag's explanation for this delay — that it "could not even start meaningful review of" Quad/Graphics's production until months after it was received because Tag had to fulfill its own discovery obligations, *see* ECF No. 52, at 3 — is utterly unpersuasive. In light of this record, the Court finds that Tag knew or should have known earlier of the information that forms the basis of its proposed amendment and, accordingly, that Tag fails to show good cause

2

for its failure to include the new allegations, affirmative defense, and counterclaims in it answer. *See McBeth*, 2018 WL 5997918, at *2.

The Clerk of Court is directed to terminate ECF No. 39.

SO ORDERED.

Dated: November 25, 2024
       New York, New York

                                        JESSE M. FURMAN
                                       United States District Judge